IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DAMIEN PHILLIPS, | : | 4:CV-09-0771 |
| --- | --- | --- |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| RONALD LONG, M.D., MARY LOU SHOWALTER, RN, CCHP, DAVID J. WAKEFIELD, ALAN B. FOGEL and DONNA BEAVENS, | : | |
| Defendants | : | |

**M E M O R A N D U M**

December 30, 2009

**BACKGROUND:**

The plaintiff commenced this action in the Court of Common Pleas of Schuylkill County, Pennsylvania. The plaintiff claims that the defendants violated his state and federal constitutional rights by denying him medical care for an inguinal hernia.

By notice of removal, filed April 23, 2009, defendant Long removed the case to this court.

The case was initially referred to United States Magistrate Judge J. Andrew Smyser.

1

On October 21, 2009, Magistrate Judge Smyser filed his report and recommendation in which he recommended that defendant Long's motion to dismiss the amended complaint be granted, that the plaintiff's motion for summary judgment be denied, that the plaintiff be granted leave to file a second amended complaint and that the case be remanded to the magistrate judge for further proceedings.

On November 4, 2009, Phillips filed objections to the report and recommendations, as well as a separate supporting memorandum of law.

While the case was still in state court, three of the defendants filed preliminary objections to the complaint. In response, the plaintiff filed a document entitled "Plaintiff's Amended Pleading in Response to Defendant(s) Preliminary Objections pursuant to Pa.R.Civ.Proc. 1028(c)(1)." The magistrate judge described this document as consisting primarily of argument in opposition to the preliminary objections filed by the defendants. However, in this document the plaintiff states that he is incorporating his original complaint and he sets forth some additional factual allegations. Because the document was titled as an amended pleading and because at least one of the defendants had so construed the document, the magistrate judge construed this document as an amended complaint.

In his objections, Phillips takes issue with the magistrate judge's construing

plaintiff's Amended Pleading as an amended complaint. The only "pleading" that plaintiff had previously filed was the original complaint and, therefore, the magistrate judge was correct in construing his amended pleading as an amended complaint whether one refers to Pa.R.Civ.P. 1028(c)(1) or Pa.R.Civ.P. 1033. Phillips' objection in this regard is overruled.

Next, the magistrate judge rejected plaintiff's contention that defendant Long's motion to dismiss was untimely and that defendant Long was in default for not timely responding to plaintiff's complaint or amended complaint. In this regard, the magistrate judge cited 42 U.S.C. § 1997(e)(g)(1) which provides that a defendant in a prisoner case may waive his right to respond to the complaint and that such waiver does not constitute an admission of the allegations contained in the complaint. Thus, the magistrate judge found that defendant Long was not in default and his motion to dismiss the amended complaint was accepted as timely filed.

Again, plaintiff objects to this determination. However, there is no specific number of days within which a defendant must file a motion to dismiss following the service of a complaint. Under Rule 12(a) of the Federal Rules of Civil Procedure (effective before December 1, 2009) a defendant must serve an answer within 20 days after being served with a summons and complaint. However, this

3

rule applies to the service of an answer, not a motion to dismiss, which is covered under Rule 12(b): "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." As defendant Long did not file an answer to the complaint or amended complaint, this provision does not preclude his filing of a motion to dismiss, although filed some months after service of the amended complaint. Therefore, plaintiff's objection in this regard is overruled.

The third and final procedural issue pertains to removal of the case from the state court, which plaintiff contends was untimely and procedurally incorrect because it was not accompanied by the written consent of all of the defendants. The magistrate judge rejected plaintiff's contention, citing 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of a notice of removal under § 1446(a). As the plaintiff's objections were not objections based on lack of subject matter jurisdiction, such procedural objections to removal were not considered proper in a brief in opposition to a motion to dismiss filed several months after removal.

Plaintiff objects to this ruling. As the court agrees with the magistrate judge, plaintiff's objection in this regard is overruled.

As to the merits of the motion to dismiss, the magistrate judge found that the

plaintiff had not plausibly alleged deliberate indifference on the part of defendant Long and that the amended complaint fails to state an Eighth Amendment claim against defendant Long upon which relief may be granted.  The magistrate judge recommended that defendant Long's motion to dismiss the amended complaint as to defendant Long be granted, but further recommended that the plaintiff be granted leave to file a second amended complaint.  The magistrate judge fully advised the plaintiff as to the necessary form and content of a second amended complaint.  The court agrees with the magistrate judge for the reasons stated and will, therefore, adopt his recommendations in this regard.

    Finally, the magistrate judge recommended that the court deny plaintiff's motion for summary judgment.  The court agrees with the magistrate judge and will adopt his recommendation in this regard.

                                         s/James F. McClure, Jr.
                                         JAMES F. McCLURE, JR.
                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIEN PHILLIPS, | : | 4:CV-09-0771 |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| RONALD LONG, M.D., MARY LOU SHOWALTER, RN, CCHP, DAVID J. WAKEFIELD, ALAN B. FOGEL and DONNA BEAVENS, | : | |
| Defendants | : | |

**O R D E R**

December 30, 2009

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

1. The report and recommendation of United States Magistrate Judge J. Andrew Smyser (Rec. Doc. No. 28, filed October 21, 2009) is adopted in full for the reasons therein set forth.

2. All of plaintiff's objections to the foregoing are overruled.

3. Defendant Long's motion to dismiss the amended complaint (Rec.

Doc. No. 17) is granted, but the plaintiff is granted leave to file a second amended complaint. The second amended complaint shall comply with the conditions set forth on page 13 of the Report and Recommendation of Magistrate Judge Smyser and shall be filed on or before January 29, 2010.

    4.    Plaintiff's motion for summary judgment (Rec. Doc. No. 9) is denied without prejudice to the filing of such a motion at a later date upon completion of discovery.

    5.    The case is remanded to United States Magistrate Judge J. Andrew Smyser for further proceedings consistent with this order and the accompanying memorandum.

s/James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge